**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
Peter S. Pearlman, Esq.
Park 80 Plaza West – One
Saddle Brook, NJ 07663
Tel: (201) 845-9600
Fax: (201) 845-9423

**LYNCH LYNCH HELD ROSENBERG & PERKINS, P.C.**
Paul I. Perkins, Esq.
Kelly Magnus, Esq.
440 Route 17 North
Hasbrouck Heights, NJ 07604
Tel: (201) 288-2022 Ext. 12
Fax: (201) 455-6359

**ROBBINS GELLER RUDMAN & DOWD, LLP**
Frank J. Janecek, Jr., Esq.
Christopher Collins, Esq.
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423
*Attorneys for the Plaintiff and the Class*

| | |
|---|---|
| AL KOWALSKI d/b/a KOWALSKI PLUMBING AND HEATING, and MICHELLE WINICK d/b/a MICHELLE WINICK DESIGN, and MICHAEL GIDRO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-v<br><br>YELLOWPAGES.COM, LLC,<br><br>Defendant. | **UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**<br><br>**CIVIL ACTION NO. 1:10-cv-07318-PGG**<br><br>**(SUBMITTED UNDER SEAL)** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTIONS TO STRIKE THE DISCLOSURE OF JACOB LEE AND TO STRIKE THE TESTIMONY AND REPORT OF DR. KENNETH WISE**

# TABLE OF CONTENTS

I. THE COURT SHOULD STRIKE THE DISCLOSURE OF JACOB LEE ........................1

    a. The Report Is Inconsistent With FRCP 26(a)(2)(B) ................................................2

    b. Citation to the Lee Disclosure Violates the Best Evidence Rule.............................3

    c. The Lee Disclosure Does Not Meet the *Daubert* Standard for
       Admissibility of Expert Testimony..........................................................................4

II. THE COURT SHOULD STRIKE THE TESTIMONY AND REPORT
    OF DR. KENNETH WISE ................................................................................................8

# TABLE OF CONTENTS

## Federal Cases

*Am. Nat'l Fire Ins. Co. v. Mirasco, Inc.*, 2006 U.S. Dist. LEXIS 10255
  (S.D.N.Y. Mar. 10, 2006) ...................................................................................................3

*Bickerstaff v. Vassar College*, 196 F.3d 435 (2d Cir. 1999) ............................................5

*Choice Hotels Intern., Inc. v. Bhatia*, 180 Fed. Appx. 289 (C.A.2 (N.Y.) 2006) ............7

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) ..................................... *passim*

*Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211
  (U.S.Cal. 1979) ...................................................................................................................7

*Fall v. New York State United Teachers*, 289 Fed. Appx. 419 (2d Cir. 2008) ................5

*In re Initial Pub. Sec. Litig.*, 471 F.3d 24 (2d Cir.2006) ...................................................5

*In re NYSE Specialists Securities Litigation*, 260 F.R.D. 55 (S.D.N.Y. 2009) ...........4, 5, 6, 8

*Mayer v. Zim Israel Navigation Co.*, C.A.2d, 1960, 289 F.2d 562,
  *cert. denied* 82 S.Ct. 140, 368 U.S. 889, 7 L.Ed.2d 88 ..................................................7

*Morgan v. Dun & Bradstreet, Inc.,* 421 F.2d 1241 (5th Cir. 1970) ..................................3

*Rainey v. American Forest & Paper Ass'n,* 26 F. Supp. 2d 82 (D.D.C. 1998) ...............4

*Teamsters Local Union No. 42 v. Supervalu, Inc.,* 212 F.3d 59
  (1st Cir. Mass. 2000) ........................................................................................................3

*United States v. Humphrey,* 104 F.3d 65 (5th Cir. Tex. 1997) .........................................3

*U.S. v. Oregon State Medical Society*, 72 S.Ct. 690, 343 U.S. 326,
  698, 96 L.Ed. 978 (1952) ..................................................................................................7

*Yankee Bank for Finance & Sav., FSB v. Task Associates, Inc.*, 139 B.R. 71
  (N.D.N.Y. 1992) .................................................................................................................9

## State Cases

*Barry v. Arrow Pontiac, Inc.*, 494 A.2d 804 (N.J. 1985) ................................................12

*Cox v. Sears Roebuck & Co.*, 647 A.2d 454 (N.J. 1994) ................................................12

*Furst v. Einstein Moomjy*, 860 A.2d 435 (N.J. 2004) ................................................................10, 11

*Gennari v. Weichert Co. Realtors*, 691 A.2d 350 (N.J. 1997) ...........................................................12

*Lee v. Carter-Reed Co., LLC*, 4 A.3d 561, 576-77 (N.J. 2010) ...................................................11, 12

*Miller v. American Family Publishers*, 663 A.2d 643 (N.J. Ch. Div. 1995) ............................11, 12

*Turf Lawnmower Repair, Inc. v. Bergen Record Corp.*, 655 A.2d 417 (N.J. 1995) .......................12

*Union Ink Co., Inc. v. AT&T Corp.*, 801 A.2d 361 (N.J. App. Div. 2002) ......................................11

## Federal Rules

*Fed. R. Civ. P.* 26(a)(2)(B) ................................................................................................................1, 2

*Fed. R. Civ. P.* 26(a)(2)(C) ................................................................................................................1, 4

*Fed. R. Evid.* 702 ...................................................................................................................................4

*Fed. R. Evid.* 703 ...................................................................................................................................4

*Fed. R. Evid.* 705 ...................................................................................................................................4

## State Statutes

*N.J.S.A.* § 56:8-1 ..................................................................................................................................11

*N.J.S.A.* § 56:8-2 ..................................................................................................................................12

*N.J.S.A.* 56:8-19 ...................................................................................................................................11

I.  THE COURT SHOULD STRIKE THE DISCLOSURE OF JACOB LEE

The Court should strike Defendant's Exhibit 32, Defendant's Rule 26(a)(2)(C) Disclosure For Jacob Lee (the "Lee Disclosure"), offered in opposition to plaintiffs' pending motion for class certification. The Lee Disclosure is nothing more than a statement by counsel as to what counsel proposes that Mr. Lee will testify to. Despite this, and despite the fact that Mr. Lee has been deposed and his testimony is therefore available to counsel, Defendant cites to the Lee Disclosure as if it is testimony or an expert report. Defendant is mistaken. First, the point to Rule 26(a)(2)(C) is to provide notice to each side as to the proposed topics upon which the other's experts will opine. A document created for the purpose of providing notice to opposing counsel is significantly different than an expert report that allows the parties and the Court to assess the credibility of an expert's findings.[1]

Unlike a properly submitted "report" under Rule 26(a)(2)(B), this document was neither prepared nor signed by Mr. Lee. (Def. Ex. 33, Lee Tr. 41:6-13). It is nothing more than defense counsel's speculation regarding that to which they proffer Mr. Lee will testify. Defense counsel's citation to its own speculation is particularly bizarre given that Mr. Lee's actual testimony is already available. Aside from that fact there are three additional reasons why this report should be stricken: 1) it violates Rule 26(a)(2)(B) and in turn Judge Salas's Pretrial Scheduling Order; and, 2) it violates the Best Evidence Rule; and, 3) it fails a *Daubert* analysis.

---

[1] Rule 26 itself makes this clear, because it contemplates two *different* documents -- the "disclosure" that was provided here, and a separate "report" prepared by the proffered expert to explain his or her findings. Defendant has provided only the "disclosure", but now seeks to treat it as a report.

### a. The Report Is Inconsistent With FRCP 26(a)(2)(B)

As noted above, the Lee Disclosure is just that -- a "disclosure", not a "report." However, assuming *arguendo* that the document is a report, its creation and submission is inconsistent with the applicable rule, FRCP 26(a)(2)(B).[2]

FRCP 26(a)(2)(B) requires the following:

> *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — **prepared and signed** by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

FRCP 26(a)(2)(B) (emphasis added).

The Lee Disclosure does not comply with any of these requirements. First, Lee admits that he did not prepare the Disclosure, as required by the rule. (See Def. Ex 33, Lee Tr. 41:6-13.) In addition, the Disclosure does not provide a complete statement of opinions, a basis for many of the assertions, the facts or data considered in forming opinions, or a list of exhibits that will be used to summarize or support opinions. Given Defendant's failure to comply with the Rule, the Lee Disclosure should be stricken.

---

[2] Even if there were arguably some ambiguity as to the applicable rule (there is not), Judge Salas's pre-trial scheduling order made clear that any "expert report" must comply with FRCP 26(a)(2)(B), not (C). (See Pretrial Scheduling Order, Dkt. 1:10-cv-07318-PGG at 3.)

{00231541.DOC}

### b. Citation to the Lee Disclosure Violates the Best Evidence Rule

The "best evidence rule" is contained in Fed. R. Evid. 1002, which provides: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." *See also Am. Nat'l Fire Ins. Co. v. Mirasco, Inc.*, 2006 U.S. Dist. LEXIS 10255 (S.D.N.Y. Mar. 10, 2006). "Generally speaking, documents are the best evidence of their contents." *Teamsters Local Union No. 42 v. Supervalu, Inc.,* 212 F.3d 59, 69 (1st Cir. Mass. 2000) Here, Mr. Lee's deposition has been taken on the record, and his testimony therefore constitutes a "writing" for purposes of Rule 1002. *See generally*, *United States v. Humphrey,* 104 F.3d 65, 70 (5th Cir. Tex. 1997) (upholding trial court's exclusion of testimony by an attorney regarding a judgment in a prior action, because the judgment itself is the best evidence, and citing to *Morgan v. Dun & Bradstreet, Inc.,* 421 F.2d 1241, 1243 (5th Cir. 1970) for the proposition that "testimony concerning contents of court documents [is] properly excluded as not the best evidence").

Despite the fact that Mr. Lee's deposition testimony is plainly available to Defendant -- indeed, it was submitted as an exhibit -- Defendant has opted to cite instead its own counsel's prior representation as to what Mr. Lee "will" testify to. This defies all reason. The best evidence of what Mr. Lee testified to is his testimony, and therefore, to the extent that Mr. Lee has testified to any of the propositions contained in the Lee Disclosure, the proper course of action is to direct the Court (and Plaintiffs' counsel) to that testimony in the deposition transcript, not to defense counsel's self-serving speculation. Neither Plaintiffs nor this Court should be forced to hunt through Mr. Lee's deposition testimony in an effort to ascertain whether

Defendant's characterization of it is correct. Defendant's behavior is wasteful of judicial resources and prejudicial to Plaintiffs.[3]

### c. The Lee Disclosure Does Not Meet the *Daubert* Standard for Admissibility of Expert Testimony

Mr. Lee cannot submit this disclosure under *any* rule, because he does not qualify as an expert.[4] FRE 702 along with *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), provide the applicable standards for admitting expert testimony. Applying these rules to a similar recent fact pattern, the Southern District of New York has explained:

> The admissibility of expert testimony is governed by the Federal Rules of Evidence as well as the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, and its progeny. *Fed.R.Evid.* 702 states: If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*In re NYSE Specialists Securities Litigation*, 260 F.R.D. 55, 65 (S.D.N.Y. 2009).

---

[3] Additionally, to the extent that either Mr. Lee or Mr. Wise seek to contradict Defendant's 30(b)(6) testimony, they are precluded from doing so, because Defendant is bound by what its representative said during those depositions. *See generally Rainey v. American Forest & Paper Ass'n,* 26 F. Supp. 2d 82, 94 (D.D.C. 1998). Because Defendant has not even cited to what it believes to be Mr. Lee's relevant testimony, Plaintiff is unable to address this issue here.

[4] FRCP 26(a)(2)(C) requires: "Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FRE 702, 703 and 705 all presume Expert Evidence, as such, the 702/Daubert analysis demonstrates that Mr. Lee is not an expert. Thus, these arguments need not be rehashed to show Mr. Lee is not an expert under FRE 703 or 705 either as it is the exact same analysis.

*Daubert* requires the Court admit only evidence from experts that is reliable and relevant. *Id*. (citations omitted); *see also*, *Bickerstaff v. Vassar College*, 196 F.3d 435, 449 (2d Cir. 1999) ("[the] court's role is one of a gatekeeper to exclude invalid and unreliable expert testimony.") (citations omitted); *Fall v. New York State United Teachers*, 289 Fed. Appx. 419, 420 (2d Cir. 2008) (citing *Bickerstaff*) ("[c]ourts must . . . carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture."). The *Daubert* analysis applies to both scientific and non-scientific experts. *In re NYSE Specialists*, 260 F.R.D. at 65.

In reviewing proffered testimony from an expert, *Daubert* instructs courts to consider multiple factors for reliability, including "whether the theory or technique has been subjected to peer review and publication," "the known or potential rate of error," and "general acceptance." *Id*. (citing *Daubert*, 509 U.S. at 593-94). "However, this 'list of factors was meant to be helpful, not definitive,' and 'neither necessarily nor exclusively applies to all experts or in every case.'" *Id*. at 65 (citations omitted).

The proponent of the expert testimony bears the "burden of establishing by a preponderance of the evidence that the admissibility requirements […] are satisfied." *Id*. The procedural posture of the instant motion is the same as that in *In re NYSE Specialists*: "[t]he instant motion to strike comes to the Court not during a full-scale inquiry into the merits, but at the class certification stage." *Id*. at 65-66. As explained by this Court:

> Although often involving overlapping facts and arguments, "a motion to strike expert evidence pursuant to *Daubert* ... involves a [sic] inquiry distinct from that for evaluating expert evidence in support of a motion for class certification . . . ." Even after the Court of Appeals' decision in *In re Initial Pub. Sec. Litig.*, 471 F.3d 24 (2d Cir.2006) ("*In re IPO*"), which requires courts to evaluate all questions of fact that pertain to class certification, even to the extent that such facts overlap with the merits, the proper role for a

> *Daubert* inquiry at the class certification stage remains limited by Rule 23 itself. At this stage, "the Court may only examine the expert reports as far as they bear on the Rule 23 determination," Accordingly, this Court's *Daubert* inquiry is limited to whether or not the [] Reports are admissible to establish the requirements of Rule 23.

*Id*. (citations omitted).

In *In re NYSE Specialists*, this Court admitted the reports because they met the *Daubert* standard. Specifically, the experts were highly qualified and their methods were reliable. *Id*. at 68-69. There, the Court found that while the parties may have disagreed with the experts' analyses, the disagreement was not a sufficient basis to exclude the expert reports. In this case, however, the Lee Disclosure should be stricken because: 1) he is not qualified as an expert; and, 2) his report is unreliable.

Specifically, in *In re NYSE Specialists*, the expert had extensive experience as a professor in the applicable field, had published professionally, had served on an advisory board and had done consultant work in the relevant field. Mr. Lee has never taught any courses in any field, let alone the field in which he is proffered as an expert (i.e., Search Engine Marketing, Search Engine Optimization, & Pay Per Click Advertising). Lee Tr.28:15-30:5. He has never been published, he does not have any academic experience, he has never served on an advisory board, and he has never done any consulting work in the relevant field. *See generally* Lee Tr. The only qualifying fact of the Lee Disclosure is Mr. Lee's two and one half years of work experience at Yellowpages.com ("YP.com"). Def. Ex. 32 ¶ 1 ("Mr. Lee, by virtue of his work experience, is an expert in Internet marketing and is familiar with the Internet products and services sold by YellowPages.com."). However, Mr. Lee could not even say what his qualifications were at his deposition, when counsel asked him if his disclosure contained all of his qualifications. *See* Lee Tr. 37:9-38:11. Additionally, his prior work experience is devoid of any activity in the Search

6

Engine Optimization, Search Engine Marketing and Pay Per Click advertising fields (the "Relevant Fields"). *See* Lee Tr. 8:24-16:9. Mr. Lee holds a bachelor's degree in the unrelated fields of economics and cell biology. *Id*. Mr. Lee does not hold any professional licenses or certifications. *Id*. Other than his work for YP.com, Mr. Lee does not have any experience in managing campaigns in the Relevant Fields yet defendants offer him in this area of expertise. Mr. Lee has never taken any courses in the Relevant Fields at any accredited educational institution. *See* Lee Tr. 22:6 -13. The extent of his knowledge of sales training is his attendance at four sales training classes at AT&T. Lee Tr. 22:14 -23:7.

Not only is Lee unqualified as an expert, he is a current employee of the defendant and clearly has a stake in the outcome of this litigation. See *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222 (U.S.Cal. 1979) ("[c]oncern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation."))[5]. Mr. Lee concedes that an expert should be objective and should not have a financial stake in the outcome of the litigation. Lee Tr. 32:1-18. Yet Mr. Lee admits freely that the vast majority of his income, indeed about 90% of his livelihood, is derived solely from his current employment with the defendant. Lee Tr. 163:8-18. Thus, not only is Mr. Lee not qualified as an expert, he is unquestionably biased.

In addition to Mr. Lee's lack of qualifications, his report does not meet the *Daubert* standard, because it is unreliable. As stated above, the key to reliability under a *Daubert* analysis

---

[5] See *Choice Hotels Intern., Inc. v. Bhatia*, 180 Fed. Appx. 289, 290 (C.A.2 (N.Y.) 2006) (where defense witnesses were friends or employees of defendant, the appellate court declined to second-guess the district court's decision to discredit the testimony of those witnesses.) Similarly, "[a] refusal to credit the uncorroborated testimony of the director, partner, who obviously was not disinterested in the outcome of the litigation would not be considered clearly erroneous. *See e.g., U.S. v. Oregon State Medical Society*, 72 S.Ct. 690, 343 U.S. 326, 339, 698, 96 L.Ed. 978 (1952); *Mayer v. Zim Israel Navigation Co.*, C.A.2d, 1960, 289 F.2d 562, 563, *cert. denied* 82 S.Ct. 140, 368 U.S. 889, 7 L.Ed.2d 88." *Wright & Miller FPP* § 2586 (2010).

is the adequacy of the applications of underlying principles and methodology by the expert to the facts in the case. See *In re NYSE, supra*. Unlike the experts in *In re NYSE* who extensively reviewed the relevant data in the case and then applied a certain methodology in order to analyze that information, Mr. Lee did not review the Morpace study (a central document in this litigation) or any other studies or documents in preparation for his report, other than the plaintiffs' report he claims to rebut and a copy of his own previous testimony. Lee Tr. 39:7-40:23. Additionally, Mr. Lee admits that his report does not contain data or other information he relied upon in forming his opinions, nor does it contain any exhibits. Lee Tr. 35:21-38:11. Thus, it is impossible to evaluate the reliability of Mr. Lee's report when there appears to be a complete lack of any underlying principles or methodology to even examine.

Finally, at the core of the Lee Disclosure's unreliability is Mr. Lee's admission that he did not write or prepare this report. Lee Tr. 33:25-34:11; 41:6-14. Indeed, his fundamental unfamiliarity with his own report shone through his deposition as Mr. Lee did not even understand some of the terminology appearing in the report when questioned. *See* Lee Tr. 60:1-93:8.

For the foregoing reasons, plaintiffs move to strike Defendant's Exhibit 32, The Lee Disclosure.

## II. THE COURT SHOULD STRIKE THE TESTIMONY AND REPORT OF DR. KENNETH WISE

The Court should strike the Declaration and Deposition Transcripts of Dr. Kenneth H. Wise ("Dr. Wise"), (Def. Exs. 52 and 53), because they are irrelevant to the defendant's

8

{00231541.DOC}

opposition to the pending motion for class certification and because, as both the report and testimony reveal, his report does not meet the *Daubert* standard.

These report and deposition transcript are attached as exhibits to page forty-nine of the declaration of defendant's counsel, James F. Bogan, III submitted in opposition to the class certification motion, yet at no time are they cited, referenced, or relied upon in the defendant's brief or the declaration of counsel in opposition to that motion. As the defendant does not explain why this report has been proffered and makes no reference to it in its memorandum of law or supporting declaration, it cannot be said it is appropriate or proper for the Court's consideration. It is not for counsel or the Court to guess as to its relevance or how the defendant asserts – or will assert – it bears on the issues.

Courts have stricken procedurally improper exhibits in other contexts. For instance, in *Yankee Bank for Finance & Sav., FSB v. Task Associates, Inc*., 139 B.R. 71 (N.D.N.Y. 1992), the Court considered the admissibility of several exhibits. In that case, certain exhibits were marked for identification but not received into evidence. *Id*. at 85. The Court therefore held that those exhibits which were merely numbered but not offered in any way at trial were "not appropriate for the court's consideration." *Id*. The Court went on to note "that another exhibit not referenced by defendants […] was not received into evidence either, however, and therefore is also not proper for the court's consideration." *Id*. at n. 34.

Here, similarly, the defendant has submitted Dr. Wise's report and deposition testimony (Def. Exs. 52 and 53) as attachments to the opposition papers without offering any discussion, explanation, reference, or indication as to why this evidence was attached. In fact, the only place these exhibits are mentioned is in the index which offers numbers for the exhibits. Thus, like the exhibits in *Yankee Bank* which were merely marked for identification but not offered into

9

evidence, these exhibits which are only attached to counsel's declaration and not used for any purpose in the defendant's opposition are not appropriately before the Court.

Furthermore, the Court should not consider the report and testimony of Dr. Wise because they fail the *Daubert* test. Dr. Wise does not understand or apply the legally correct measure of damages. As discussed above, *Daubert* requires expert testimony to be reliable and relevant. In evaluating reliability, the courts will focus on the qualifications of the proffered expert and the reliability of the underlying methodology employed by that expert as well as the reliability of the application of that method to the facts in the case. See *generally*, *Daubert*. Dr. Wise does not reliably apply his methodology to the facts in this case. Specifically, he lacks an understanding of the proper measure of damages.

As Dr. Wise's declaration (Def. Ex. 52) makes clear, he believes damages cannot be calculated on a class-wide basis, because it will be necessary to analyze as to each class member the typical return on an investment in the consumer's industry, the amount of investment required, and what sort of return would give the consumer adequate compensation for the investment, together with a number of individualized factors relating to that consumer's particular business (Def. Ex. 52 at ¶12 (among other places)) and Wise Deposition Transcript (Def. Ex. 53 at Wise Tr. 86:2 – 90:22; 127:11 – 128:21). His view is that a consumer does not suffer any "economic damage" or "financial damage" unless the transaction produces a return not justified by the consumer's investment in Yellow Pages advertising, regardless of what the consumer actually bargained for and was told s/he or it was to receive. In doing so, he ignores entirely the concept of benefit of the bargain which is the standard for computing damages both for a breach of contract (*see*, e.g., *Furst v. Einstein Moomjy*, 860 A.2d 435, 442 (N.J. 2004)) as well as the measure by which ascertainable loss is determined for purposes of computing

10

damages under the New Jersey Consumer Fraud Act 56 *N.J. Stat.* § 56:8-1 et. seq. ("NJCFA"). S*ee, e.g.*, *Miller v. American Family Publishers*, 663 A.2d 643, 654-55 (N.J. Ch. Div. 1995); *Furst*, 860 A.2d at 441; *Union Ink Co., Inc. v. AT&T Corp.*, 801 A.2d 361, 379 (N.J. App. Div. 2002); *Lee v. Carter-Reed Co., LLC*, 4 A.3d 561, 576-77 (N.J. 2010); *N.J. Stat. Ann.* § 56:8-19.

Dr. Wise's deposition testimony commencing at (Wise Tr. 119:11) and continuing through (Wise Tr. 121:20) demonstrates that, while acknowledging his understanding of the concept of benefit of the bargain, he has never heard of the term "ascertainable loss," is not aware that damages under the NJCFA are computed as the ascertainable loss, does not know that the ascertainable loss is computed on a benefit of bargain basis, does not agree that when a consumer gets less than s/he bargained for s/he has suffered damages, and concedes that his theory of economic damages is inconsistent with the benefit of the bargain – and therefore ascertainable loss – concept. Ultimately, he concludes at (Wise Tr.131:12 – 132:13) that a customer who gets less than he, she or it bargained for, but still obtained a sufficient economic gain to warrant the cost of the advertising, has no claim for economic damages - truly a "get out of jail free card" for people who cheat consumers as long as the consumer gets sufficient economic return. And that is simply wrong as a matter of law.

Ultimately, he stands by his statement in ¶6 of his declaration that the accepted and correct standard for calculating economic damages (as opposed to the damages available under the NJCFA and for breach of contract) is as he has set it forth and that there is no other (See Wise Dec. ¶6 and Wise Tr. 87:17 – 89:23); that he is only here to testify about economic damages; and though there may be other ways to calculate damages under the NJCFA, he is not here to testify to that. See Wise Tr. 89:24-90:21.

11

He also displayed a lack of understanding of the elements of breach of contract. *See Wise Tr.* 38:2-22. He understands, perhaps grudgingly, that certain statutes may provide for disgorgement and forfeiture which are not necessarily directly related to economic loss (Wise Tr. 39:17-42:4)[6] though based upon his testimony later in the deposition referred to above, it is clear that he is at odds with the relevant principles of law.

Although displaying no competence to so opine, Dr. Wise also takes issue with the concept that a consumer may be misled by some of what Plaintiffs allege to be the misleading language in the sales pitch. Dr. Wise concludes that the language in the sales pitch would not confuse a YP.Com customer because he personally would probe more deeply into such representations were he the consumer. He asserts that the standard that he is applying as the level of acumen the normal advertiser in Yellowpages.com should be expected to exhibit is that which he, a Ph.D. in economics who founded and runs an economics consulting firm, possesses and applies. *See* Wise Tr. 136:17-139:5.

This of course is totally inconsistent with the concept of the NJCFA which does not require the defendant to actually mislead, but merely that the conduct, acts or omissions of the defendant had the capacity to mislead. *See* N.J.S.A. § 56:8-2; *see also, Lee v. Carter-Reed Co., LLC*, 4 A.3d 561, 577, 580 (N.J. 2010) (NJCFA to be liberally construed); *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 365 (N.J. 1997); *Miller v. Am. Family Publishers*, 663 A.2d 643, 647 (N.J. Ch. Div. 1995); *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994); *Turf Lawnmower Repair, Inc. v. Bergen Record Corp.*, 655 A.2d 417, 429 (N.J. 1995); *Barry v. Arrow Pontiac, Inc.*, 494 A.2d 804, 810 (N.J. 1985).

---

[6] *N.J. Stat*. §56:8-2.11 provides: "[a]ny person violating the provisions of the within act shall be liable for a refund of all moneys acquired by means of any practice declared herein to be unlawful."

For the foregoing reasons, the Court should strike Mr. Wise's report and exclude his testimony from consideration.

DATED: April 8, 2011

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

**s/Peter S. Pearlman**
Park 80 Plaza West-One
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
Frank J. Janecek. Jr.
Chris Collins
655 W. Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LYNCH LYNCH HELD
ROSENBERG & PERKINS, P.C.
Paul I. Perkins
Kelly Magnus
440 Route 17 North
Hasbrouck Heights, NJ 07604
Telephone: 201/288-2022
201/455-6359 (fax)