UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AL KOWALSKI d/b/a KOWALSKI PLUMBING, MICHELLE WINICK d/b/a MICHELLE WINICK DESIGN and MICHAEL GIDRO Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>YELLOWPAGES.COM, LLC,<br><br>     Defendant. | Civil Action No. 1:10-cv-07318-PGG<br><br>CLASS ACTION<br><br>PLAINTIFFS' OPPOSITION MEMORANDUM TO DEFENDANTS' MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY |

627904_1

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................................1

II. RELEVANT FACTUAL BACKGROUND ...........................................................................3

III. ARGUMENT ...........................................................................................................................4

    A. Plaintiffs' Use of Certifications, Declarations and Documents in Support of Their Reply Properly Responded to Defendant's Opposition Brief .....................5

        1. Certifications and Declaration of Pisa, Rossmiller, Saunders and Long Present Facts and Testimony that Directly Rebuts Defendant's Opposition Claims ..................................................................5

        2. Defendant Acknowledges It Produced Reply Exhibits 56, 57 and 59 During Discovery .......................................................................................6

        3. Plaintiffs' Rule 23(b)(2) and Breach of Contract Arguments Are Not "New" Arguments ......................................................................................7

    B. Defendants Are Not Entitled to Re-Argue Their Opposition or Proffer Evidence About the Merits of the Underlying Case Under the Guise of an Improper Sur-Reply .....................................................................................................9

IV. CONCLUSION .....................................................................................................................11

## TABLE OF AUTHORITIES

Page

**CASES**

*Acumed, LLC v. Stryker Corp.*,
  No. 04-CV-513-BR, 2007 U.S. Dist. LEXIS 86866
  (D. Or. Nov. 20, 2007), *aff'd*, 551 F.3d 1323 (Fed. Cir. 2008) .................................................8

*Aldridge v. Daikin Am., Inc.*,
  No. 05-cv-0002-LPJ-NE, 2005 U.S. Dist. LEXIS 27389
  (N.D. Ala. Oct. 6, 2005)..................................................................................................................4

*Angilletta v. Mamaroneck Union Free School Dist.*,
  No. 07 Civ. 0085 (CLB) (LMS), 2007 WL 1766774
  (S.D.N.Y. May 10, 2007)................................................................................................................8

*Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*,
  215 F.3d 219 (2d Cir. 2000)......................................................................................................2, 4

*Bonnie & Co. Fashions v. Bankers Trust Co.*,
  945 F. Supp. 693 (S.D.N.Y. 1996) .................................................................................................4

*Brown v. Sybase, Inc.*,
  287 F. Supp. 2d 1330 (S.D. Fla. 2003) ..........................................................................................4

*Hegre v. Alberto-Culver USA, Inc.*,
  508 F. Supp. 2d 1320 (S.D. Ga. 2007), *aff'd*, 275 Fed. Appx. 873
  (11th Cir. 2008)..............................................................................................................................8

*Ilozor v. Hampton Univ.*,
  No. 4:06cv90, 2007 U.S. Dist. LEXIS 33032
  (E.D. Va. May 3, 2007), *aff'd*, 286 Fed. Appx. 834 (4th Cir. 2008) .........................................8

*In re Worldcom, Inc.*,
  No. 02-13533 (AJG), 2007 Bankr. LEXIS 4082
  (Bankr. S.D.N.Y. July 9, 2007).......................................................................................................9

*Kapiti v. Kelly*,
  No. 07 Civ. 3782 (RMB) (KNF), 2008 U.S. Dist. LEXIS 20135................................................9

*Lexington Ins. Co. v. Swanson*,
  No. C05-1614MJP, 2007 U.S. Dist. LEXIS 37620
  (W.D. Wash. May 23, 2007) ..........................................................................................................8

*Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*,
  767 F. Supp. 1220 (S.D.N.Y. 1991)....................................................................................2, 4, 5

Page

*Locals 302 & 612 of the Int'l Union of Operating Engineers-Employers Constr. Indus. Retirement Trust v. Blanchard*,
  No. 04 Civ. 5954 (LAP), 2005 U.S. Dist. LEXIS 17679
  (S.D.N.Y. Aug. 25, 2005) ........................................................................................................ 9

*Marczeski v. Law*,
  122 F. Supp. 2d 315 (D. Conn. 2000) ..................................................................................... 9

*Mora v. Allstate Ins. Co.*,
  No. Civ. S 05-0493 FLD KJM, 2006 WL 190284
  (E.D. Cal. Jan. 19, 2006) ......................................................................................................... 7

*Ramige v. McNeil Nutritionals, Inc.*,
  No. 05-0101-BH-B, 2006 U.S. Dist. LEXIS 73441
  (S.D. Ala. Sept. 28, 2006) ....................................................................................................... 4

*Thomas v. Corrective Med. Servs., Inc.*,
  No. 1:04-cv-3358 (NLH), 2009 U.S. Dist. LEXIS 21762
  (D.N.J. Mar. 17, 2009) ............................................................................................................ 7

*Travelers Ins. Co. v. Buffalo Reinsurance Co.*,
  735 F. Supp. 492, *vacated in part on other grounds*, 739 F. Supp. 209
  (S.D.N.Y. 1990) .................................................................................................................4, 10

*United States v. Int'l Bus. Machs. Corp.*,
  66 F.R.D. 383 (S.D.N.Y. 1975) ("*IBM*") ......................................................................... passim

**STATUTES, RULES & REGULATIONS**

Federal Rules of Civil Procedure
  Rule 23(b)(2) .................................................................................................................1, 7, 11

Local Civil Rules
  Rule 6.1(b) ............................................................................................................................... 9
  Rule 7.1 .................................................................................................................................... 9

627904_1

**I.      INTRODUCTION**

Plaintiffs respectfully submit this opposition to Yellowpages.com's ("Defendant") Motion (A) to Strike New Evidence and Arguments in "Plaintiffs' Reply in Support of Motion for Class Certification" or, in the Alternative (B) for Leave to Submit Surreply ("Def's Motion" or "Defendant's Motion" or the "instant motion"), the certifications and declarations of Yellowpages.com former employees: Michael Pisa, Jim Rossmiller, Noel Saunders and Robert Long, ("Reply Testimony"), Exhibits 56, 57 and 59 ("Reply Exhibits"), and arguments concerning Federal Rule of Civil Procedure 23(b)(2) and Plaintiffs' breach of contract claim, all of which serve as rebuttal witnesses or evidence to Defendant's Opposition to Plaintiffs' Motion for Class Certification ("Opposition").

Defendant's bold statement in its Opposition to class certification, "Plaintiffs offer no evidence challenging this testimony, **which is corroborated by testimony from numerous YellowPages.com representatives**," provides the very reason Plaintiffs submitted the rebuttal certifications, declaration and documents in support of their class certification reply brief. Opposition at 15[1]. Although Defendant alleges the Reply Testimony, Reply Exhibits and arguments constitute "new evidence and arguments" (Def's Motion at 1), Plaintiffs' Reply Testimony, Reply Exhibits and arguments specifically respond to and rebut arguments, factual contentions and declarations of the ten previously undisclosed Yellowpages.com representatives put forth by Defendant in its Opposition. The fact is, Plaintiffs served their class certification motion on February 14, 2011. Defendant however, did not disclose these ten individuals until after the close of discovery and almost two weeks (March 2, 2011) after Plaintiffs served their class certification

---

[1]      Here, as elsewhere, emphasis is added and citations are omitted unless otherwise noted.

motion. Thus, contrary to Defendant's assertion, had Plaintiffs known of these ten new witnesses at the time of the class certification motion, they would have been in a position to deal with their testimony in that motion.

The Reply Testimony, Reply Exhibits and arguments were necessitated by Defendant's delay in disclosing these witnesses and arguments made by Defendant in its Opposition. As a result, rebuttal testimony, evidence and arguments were properly submitted to respond to and rebut Defendant's new witnesses, testimony and arguments. The purpose of reply papers is to "properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226 (2d Cir. 2000) (quoting *Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991)). That is exactly what Plaintiffs' reply motion and supporting testimony, evidence and arguments do.

Having withheld the identities of their employee and thus forcing Plaintiffs to address Defendant's contentions with this rebuttal material on reply, Defendant simply cannot move to strike it because it does not like it. Nor can Defendant alternatively try to get a second shot at re-hashing its Opposition to class certification by sneaking its arguments in under the label of an improper sur-reply and attaching it like an exhibit to its motion to strike. The truth is, Defendant's Motion is merely a last-ditch effort to usurp the moving party's traditional right to the last word in the briefing of its motion (and, because Defendant is permitted to a reply on this motion, it may well succeed, at least in part, in that strategic ploy). The Court should deny Defendant's Motion, not only on the merits, but also as an improper sur-reply filed without leave of court.

## II.     RELEVANT FACTUAL BACKGROUND

On June 15, 2010, Defendant served its initial disclosure. On August 30, 2010, class fact discovery closed. On January 28, 2011, class expert discovery closed. On February 14, 2011, Plaintiffs served their motion for class certification. On March 2, 2011, more than two weeks following Plaintiffs' filing of their class certification motion and more than six months after the fact discovery had closed, Defendant sent a letter to Plaintiffs, supplementing its initial disclosure with ten additional current employees not previously identified or disclosed. The supplemental disclosure lists each of the following individuals as employees of the defendant: Jason Boudreau (Bogan Declaration in Support of Opposition, Ex. 14); Joseph Green (*id.*, Ex. 19); Jarrett Howard (*id.*, Ex. 20); Delem Juhasz (*id.*, Ex. 22); David Kenyon (*id.*, Ex. 23); Cindy McCaulley (*id.*, Ex. 24); Robert McCue (*id.*, Ex. 25); Vance Padelford (*id.*, Ex. 26); Robert Quirk (*id.*, Ex. 28); and Maureen Spray (*id.*, Ex. 28). Despite Defendant's ongoing disclosure obligations, these individuals were not identified in Defendant's initial disclosures or Defendant's responses to Plaintiffs' interrogatories. On March 14, 2011, Defendant served its brief in opposition to Plaintiffs' motion for class certification. Plaintiffs served their reply brief on April 8, 2011, as well as a motion to strike the testimony of Jacob Lee and Dr. Kenneth Wise. On May 2, 2011, Defendant served Plaintiffs with its opposition to Plaintiffs' motion to strike along with the instant motion to strike, or in the alternative leave to file a sur-reply. On May 16, 2011, Plaintiffs served Defendant with their reply brief in support of their motion to strike and Plaintiffs' opposition to the instant motion to strike or leave to file a sur-reply. In addition to Defendant's reply brief in support of their motion to strike, these nine filings constitute the complete record for consideration in connection with Plaintiffs' motion for class certification. Defendant's attached sur-reply or supplemental brief submitted on May 2, 2011, as part of its Motion to Strike is not part of that record, and is Defendant's attempt to impermissibly

- 3 -

supplement the record through a purported sur-reply brief which should not be permitted. Accordingly, the Court should strike Yellowpages.com's sur-reply brief.

## III. ARGUMENT

Yellowpages.com complains that Plaintiffs' reply brief contains new evidence and arguments that should be stricken. Def's Motion at 1. The allegedly new evidence and argument falls into three categories: (1) new testimonial evidence in the form of certifications and a declaration; (2) new documents; and (3) new arguments.

All three of Defendant's contentions are misguided. The purpose of reply papers is to "'properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.'" *Bayway Ref.*, 215 F.3d at 226 (quoting *Litton Indus.*, 767 F. Supp. at 1235; *see Bonnie & Co. Fashions v. Bankers Trust Co.*, 945 F. Supp. 693, 708 (S.D.N.Y. 1996); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495, *vacated in part on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990); *United States v. Int'l Bus. Machs. Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975) ("*IBM*"). The submission of additional evidence is appropriate in circumstances where the moving party seeks to rebut or impeach matters placed into issue in a response. *See, e.g.*, *Bayway Ref.*, 215 F. 3d at 226-27; *Brown v. Sybase, Inc.*, 287 F. Supp. 2d 1330, 1338 (S.D. Fla. 2003); *Ramige v. McNeil Nutritionals, Inc.*, No. 05-0101-BH-B, 2006 U.S. Dist. LEXIS 73441 (S.D. Ala. Sept. 28, 2006); *Aldridge v. Daikin Am., Inc.*, No. 05-cv-0002-LPJ-NE, 2005 U.S. Dist. LEXIS 27389 (N.D. Ala. Oct. 6, 2005).[2]

---

[2] The cases Defendant cite in the instant motion are distinguishable as they involve the moving party introducing entirely new legal theory or evidence in its reply brief. That is not the case here, where Plaintiffs are merely rebutting new testimony and facts as well as arguments raised by Defendant in its Opposition. None of the cases relied upon by Defendant involved the inclusion of arguments in a reply brief that respond to arguments made in a party's opposition brief. Plaintiffs'

> **A. Plaintiffs' Use of Certifications, Declarations and Documents in Support of Their Reply Properly Responded to Defendant's Opposition Brief**
>
> **1. Certifications and Declaration of Pisa, Rossmiller, Saunders and Long Present Facts and Testimony that Directly Rebuts Defendant's Opposition Claims**

Here, Yellowpages.com bolstered its Opposition arguments with ten previously undisclosed declarations from Yellowpages.com representatives regarding Defendant's sales, training and business practices: in particular, the use of return on investment spreadsheets. If Plaintiffs had earlier knowledge of these new witnesses, they would have addressed them in their moving papers. Defendant's Opposition brief thus asserted new factual materials and testimony to which Plaintiffs' reply properly responded.

By ignoring its obligations and disclosing the names of ten representatives and issues they might address only after Plaintiffs filed their motion and opening brief, Defendant forced Plaintiffs in its reply to submit the countervailing certifications, declaration and documents to rebut and or impeach the employees' declarations. Plaintiffs' reply certifications, declaration and documents did not raise any "new issues which are material to the disposition of the question before the court," *IBM*, 66 F.R.D. at 384, but merely addressed those contentions made by Defendant in the declarations from the ten representatives and evidence submitted in its opposition to the motion for class certification. The Court should deny Defendant's Motion to Strike.

---

conduct here is entirely proper and was necessitated by Defendant's insertion of ten new witnesses into the case (Defendant's own employees, the existence and knowledge of who Defendant obviously was aware) in Defendant's Opposition. *See Litton Indus.*, 767 F. Supp. at 1235 ("Clearly, reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party who took it upon himself to argue those previously unforeseen issues.").

627904_1

### 2. Defendant Acknowledges It Produced Reply Exhibits 56, 57 and 59 During Discovery

Defendant strangely argues Plaintiffs submitted new evidence but also acknowledges Defendant produced the very documents during discovery. Def's Motion at 2.

Without citing any legal authority in its motion, instead improperly referring the Court argument in its sur-reply[3], Defendant argues these Exhibits should be stricken because they were not disclosed in Plaintiffs' opening brief or used as a deposition exhibit. Contrary to Defendant's assertion it was not deprived of any fundamental fairness. Defendant knew or should have known about the existence of these documents as Defendant was the party that produced them during discovery. Thus the Defendant had more than enough time to examine them before Plaintiffs' submitted their reply. None of the information in Exhibits 56, 57 and 59 which Plaintiffs included with its reply memorandum was "new" to Yellowpages.com.

Defendant's request to strike these Reply Exhibits should be denied. Plaintiffs' reply merely refuted contentions, arguments and evidence presented by Yellowpages.com in its Opposition by offering its own documents against it. These Exhibits were offered only in response to arguments Defendant made in its Opposition brief and as supplemental evidence, as YellowPages.com correctly states, "supporting [Plaintiffs'] arguments about Yellowpages.com . . . misrepresentation of the '74% statistic' from the Morpace study." Def's Motion at 2. The Court should deny Defendant's Motion to Strike.

---

[3] "The Surreply addresses these new documents . . . ." Def's Motion at 2.

### 3. Plaintiffs' Rule 23(b)(2) and Breach of Contract Arguments Are Not "New" Arguments

Again, without citing any legal authority in its Motion and instead improperly referring the Court to argument in its sur-reply,[4] Defendant makes the same argument it made in its Opposition, that Plaintiffs abandoned these claims and therefore cannot address them in their reply.

Plaintiffs' arguments are not new. What Defendant fails to come to grips with is that the purpose of a reply is to respond to arguments made in opposition to a motion. *See, e.g., Thomas v. Corrective Med. Servs., Inc.*, No. 1:04-cv-3358 (NLH), 2009 U.S. Dist. LEXIS 21762, at *41 (D.N.J. Mar. 17, 2009) ("the purpose of a reply brief is to respond only to the non-moving party's arguments or to reinforce arguments made in the moving party's original brief"); *Mora v. Allstate Ins. Co.*, No. Civ. S 05-0493 FLD KJM, 2006 WL 190284, at *1 (E.D. Cal. Jan. 19, 2006) ("reply brief properly raises arguments and evidence which rebut plaintiff's opposition"). This is exactly what Plaintiffs have done in their reply brief. In fact, Yellowpages.com acknowledges Plaintiffs raised these issues in their moving papers. Defendant apparently feels Plaintiffs did not spend sufficient time addressing the issues, however, and thus asserts such claims have been abandoned. Based on these objections, it is unclear what Defendant would consider proper statements in a reply brief.

While Defendant's motion to strike argument is legally and factually silent in this issue, its sur-reply does nothing more than improperly regurgitate arguments Defendant made in its Opposition while attempting to add additional case authority to try to refute Plaintiffs' arguments. As discussed further below, Defendant's papers demonstrate that the principal purpose of their attempted sur-reply is to re-argue and, thus get the last word in on class certification. That is not a proper purpose of sur-reply papers which must be "narrowly confined to the issue which prompted

---

[4] "As explained in the Surreply . . . ." Def's Motion at 2-3.

them; repetition of arguments made in prior submissions will not be condoned and is scrupulously to be avoided." *IBM*, 66 F.R.D. at 384.

It is clear from federal courts that have considered this issue that "new evidence" is not evidence introduced by a party in a reply brief when it is necessary to rebut the evidence or legal arguments made by the non-moving party. *Angilletta v. Mamaroneck Union Free School Dist.*, No. 07 Civ. 0085 (CLB) (LMS), 2007 WL 1766774, at *8 (S.D.N.Y. May 10, 2007) (finding it appropriate to consider an argument first raised in reply brief when it "directly relates to an argument raised in [the] opposition"); *Ilozor v. Hampton Univ.*, No. 4:06cv90, 2007 U.S. Dist. LEXIS 33032, at *40-*41 (E.D. Va. May 3, 2007) (holding that six declarations submitted as part of reply brief filing were not "new evidence" because they were necessary to rebut plaintiff's arguments raised in opposition brief), *aff'd*, 286 Fed. Appx. 834 (4th Cir. 2008); *Hegre v. Alberto-Culver USA, Inc.*, 508 F. Supp. 2d 1320, 1327 (S.D. Ga. 2007) (holding that declaration that was first submitted by defendant along with reply brief was not "new evidence"), *aff'd*, 275 Fed. Appx. 873 (11th Cir. 2008). *See also Lexington Ins. Co. v. Swanson*, No. C05-1614MJP, 2007 U.S. Dist. LEXIS 37620 (W.D. Wash. May 23, 2007) (court denied motion to strike where arguments and evidence contained in reply brief were necessary to rebut arguments made by non-movant in response brief); *Acumed, LLC v. Stryker Corp.*, No. 04-CV-513-BR, 2007 U.S. Dist. LEXIS 86866 (D. Or. Nov. 20, 2007) (court denied motion to strike exhibits included and cited by party with reply brief in support of motion for permanent injunction), *aff'd*, 551 F.3d 1323 (Fed. Cir. 2008).

As explained above, the certifications, declarations, exhibits and arguments filed by Plaintiffs with its reply were necessary to rebut the legal arguments and evidence introduced by Defendant in its Opposition.

### B. Defendants Are Not Entitled to Re-Argue Their Opposition or Proffer Evidence About the Merits of the Underlying Case Under the Guise of an Improper Sur-Reply

There is nothing in this Court's Local Rules that allows sur-replies as part of motion practice. *See* Local Civil Rules 6.1(b) and 7.1. Sur-replies generally are not permitted in federal court, as this Court has noted. "Allowing parties to submit sur-replies is not a regular practice that courts follow, because such a procedure has the potential for placing a court 'in the position of refereeing an endless volley of briefs.'" *Kapiti v. Kelly*, No. 07 Civ. 3782 (RMB) (KNF), 2008 U.S. Dist. LEXIS 20135, at *3 n.1 - *4 (S.D.N.Y. Mar. 12, 2008). Despite that admonition, Defendant is improperly attempting to get the last word in on Plaintiffs' motion for class certification, which should not be permitted.

Defendant has ignored the proper procedure for asking this Court for permission to file a sur-reply. The proper procedure for filing a sur-reply in this Court is to submit an informal request to the judge's chambers that specifies "the basis for the request, . . . the new issue to which it seeks to reply, and . . . the basis for its belief that that issue is a material one." *IBM*, 66 F.R.D. at 385; *Marczeski v. Law*, 122 F. Supp. 2d 315, 318 n.2 (D. Conn. 2000) ("The Local Rules allow the opposing party to file a memorandum in opposition to the initial motion . . . . Any further memoranda, such as a surreply, may be filed only with leave of court . . . ."); *In re Worldcom, Inc.*, No. 02-13533 (AJG), 2007 Bankr. LEXIS 4082, at *16-*17 (Bankr. S.D.N.Y. July 9, 2007) (citing *IBM*, 66 F.R.D. at 385).

Additionally, the proposed sur-reply papers ***should not be filed contemporaneously*** with the request for leave to submit them as doing so would "'enable the requesting party to accomplish its goal of placing the papers before the court, thereby reducing the question of whether the papers should be accepted for filing to relative unimportance.'" *Locals 302 & 612 of the Int'l Union of Operating Engineers-Employers Constr. Indus. Retirement Trust v. Blanchard*, No. 04 Civ. 5954

- 9 -

(LAP), 2005 U.S. Dist. LEXIS 17679, at *19 n.8 (S.D.N.Y. Aug. 25, 2005) (rejecting parties request to file sur-reply which actually attached the sur-reply) (quoting *IBM*, 66 F.R.D. at 385); *see Travelers Ins.*, 735 F. Supp. at 495 (finding a procedural defect where a proposed sur-reply memorandum was filed in conjunction with a motion for leave to file such papers). Thus, the sur-reply papers "shall not be submitted until the court, having received and reviewed the application to file, invites them." *IBM*, 66 F.R.D. at 385. Here, Defendant has submitted its papers without first obtaining leave from the Court – the very procedure this Court has noted as defective – and second as an attachment to its Motion to Strike.

Finally, Defendant's "sur-reply" lacks substantive merit and is merely a re-hash of arguments previously made in its Opposition to Plaintiffs' motion for class certification. Sur-reply papers must be "narrowly confined to the issue which prompted them; repetition of arguments made in prior submissions will not be condoned and is scrupulously to be avoided." *IBM*, 66 F.R.D. at 384. Defendant's misuse of the motion to strike procedure as a vehicle for sur-reply is most apparent in its opening argument which refers to or cites to Plaintiffs' moving papers, exhibits, Defendant's Opposition and/or supporting exhibits approximately 13 times. Overall, in the space of 16 pages of additional argument, Defendant refers or cites to Plaintiffs' moving papers and its Opposition more that 40 times. The sur-reply is replete with statements like "Yellowpages.com showed in its opposition brief" (Sur-reply at 6); "*See* Def.'s Opp. at" (Sur-reply at 4, 5 n.4, 7, 9, 10, 13 n.10, 14 & 15); "*Compare* Plfs.' Mot." (Sur-reply at 7 & 8); "Plaintiffs' [Class Certification] Mot." (Sur-reply at 1, 4, 7, 8, 14 & 15); "*See* Plfs.' Exs." (Sur-reply at 4, 5 & 6); "Citing Bogan Decl." (Sur-reply at 7). Furthermore, pages 10 through 14 of Defendant's proposed sur-reply do not refer or cite to any of Plaintiffs' reply certifications, declarations, documents or alleged new arguments. Instead,

- 10 -

627904_1

Defendant merely spends it time improperly trying to refute arguments and cases cited in Plaintiffs' reply brief.

Yellowpages.com had its opportunity to raise its arguments in its Opposition. Despite having had access to the current employees and the Reply Exhibits at issue, Defendant chose to wait until after the close of discovery and two weeks after Plaintiffs' service of their class certification motion to reveal the identities of these ten individuals and it turned a blind eye to the exhibits. Defendant's underlying purpose for the Motion to Strike and sur-reply is clear: to unfairly and inappropriately color this Court's opinion in an attempt to have the last word.

## IV.   CONCLUSION

Defendant's Motion to Strike the certifications and declarations of Michael Pisa, Jim Rossmiller, Noel Saunders, Robert Long, and Exhibits 56, 57 and 59, should be denied because the testimony and exhibits are properly directed at facts and arguments raised by Yellowpages.com in its Opposition. Moreover, basic notions of fairness dictate that the certifications, declarations and the documentary evidence submitted with Plaintiffs' reply, be fully considered. Likewise, Defendant requests to strike Plaintiffs' arguments pertaining to Federal Rules of Civil Procedure 23(b)(2) and their breach of contract claim should be denied.

Defendant's alternate request for leave to file a sur-reply should be denied because it is nothing more than an attempt to have the last word by merely continuing arguments it made in its Opposition. The sur-reply does not address any new facts, testimony or issues raised in Plaintiffs' reply because there weren't any. To permit Defendant's "attachment" would effectively allow Yellowpages.com an additional 16 pages of argument.

DATED: May 16, 2011

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
FRANK J. JANECEK, JR. (admitted *pro hac vice*)
CHRISTOPHER COLLINS (admitted *pro hac vice*)


s/ CHRISTOPHER COLLINS
CHRISTOPHER COLLINS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

>LYNCH LYNCH HELD ROSENBERG
>  & PERKINS, P.C.
>PAUL I. PERKINS
>45 Eisenhower Drive, Suite 300
>Paramus, NJ  07652
>Telephone:  800/656-9529
>888/271-9726 (fax)
>
>COHN LIFLAND PEARLMAN
>  HERRMANN & KNOPF LLP
>PETER S. PEARLMAN
>Park 80 Plaza West-One
>Saddle Brook, NJ  07663
>Telephone:  201/845-9600
>201/845-9423 (fax)
>
>Attorneys for Plaintiffs

- 13 -

CERTIFICATE OF SERVICE

    I hereby certify that on June 2, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 2, 2011.

    s/ CHRISTOPHER COLLINS
    CHRISTOPHER COLLINS

    ROBBINS GELLER RUDMAN
        & DOWD LLP
    655 West Broadway, Suite 1900
    San Diego, CA  92101-3301
    Telephone:  619/231-1058
    619/231-7423 (fax)

    E-mail:ChrisC@rgrdlaw.com

627904_1

# Mailing Information for a Case 1:10-cv-07318-PGG

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James F. Bogan , III**
  jbogan@kilpatrickstockton.com,dleavell@kilpatrickstockton.com

- **Christopher Collins**
  chrisc@rgrdlaw.com

- **Curtis Allen Garrett , Jr**
  agarrett@kilpatricktownsend.com

- **John R. Gibson**
  jogibson@kilpatricktownsend.com

- **Ian Michael Goldrich**
  IGoldrich@kilpatrickstockton.com,AGarcia@kilpatrickstockton.com,EPulsipher@kilpatrickstockton.com

- **Frank J. Janecek , Jr**
  frankj@rgrdlaw.com,MBacci@rgrdlaw.com,JWolsborn@rgrdlaw.com

- **Kelly Magnus**
  kmagnus@lynchlawyers.com,msuarez@lynchlawyers.com

- **Peter S. Pearlman**
  psp@njlawfirm.com

- **Christopher S. Polaszek**
  cpolaszek@milberg.com,dleifer@milberg.com,asokolowski@milberg.com

- **Ronald Lee Raider**
  rraider@kilpatrickstockton.com

- **Roland Winfield Riggs , IV**
  rriggs@milberg.com

- **Peter George Safirstein**
  psafirstein@milberg.com,MAOffice@milberg.com

- **Daniel G. Schulof**
  dschulof@kilpatricktownsend.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Paul I. Perkins
LYNCH LAW FIRM, P.C.
```

```
45 EISENHOWER DRIVE
Third Floor
PARAMUS, NJ 07652
```

**Andrew Sokolowski**
```
Milberg LLP
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
```

**Jason Thompson**
```
Sommers Schwartz PC
2000 Town Center Suite 900
Southfield, MI 48075
```