UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AL KOWALSKI d/b/a KOWALSKI PLUMBING, MICHELLE WINICK d/b/a MICHELLE WINICK DESIGN, and MICHAEL GIDRO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YELLOWPAGES.COM, LLC,<br><br>Defendant. | Civil Action No. 10-7318 (PGG)<br><br><u>CLASS ACTION</u><br><br>DEFENDANT YELLOWPAGES.COM'S REPLY IN SUPPORT OF ITS MOTION (A) TO STRIKE NEW EVIDENCE AND ARGUMENTS IN "PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION" OR, IN THE ALTERNATIVE (B) FOR LEAVE TO SUBMIT SURREPLY |

**DEFENDANT YELLOWPAGES.COM'S REPLY IN SUPPORT OF ITS MOTION (A) TO STRIKE NEW EVIDENCE AND ARGUMENTS IN "PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION" OR, IN THE <u>ALTERNATIVE, (B) FOR LEAVE TO SUBMIT SURREPLY</u>**

"Plaintiffs' Reply in Support of Motion for Class Certification" ("Plaintiffs' Reply") relied upon three previously-unproduced declarations from three previously-unidentified former employees of Defendant YellowPages.com, LLC ("YellowPages.com"); introduced evidence not submitted with Plaintiffs' Motion for Class Certification ("Plaintiffs' Motion"); and advanced new class certification arguments. Either the Court should refuse to consider this new evidence and these new arguments, or YellowPages.com should be afforded an opportunity to respond. Accordingly, the Court should (a) strike the new evidence and arguments in Plaintiffs' Reply or (b) grant YellowPages.com leave to file its surreply.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

In their Initial Disclosures, served on January 15, 2010, Plaintiffs identified Robert Long and eight other former employees of YellowPages.com as having knowledge relevant to the class

certification issues.[1] Michael Pisa, Noel Saunders, and Jim Rossmiller – three of the four former employees who provided declarations attached to Plaintiffs' Reply – were not among the former employees identified in these Initial Disclosures.

On March 26, 2010, in response to YellowPages.com's interrogatory seeking the identity of "all persons believed by Plaintiffs to have knowledge of facts relevant to the class certification issues in this case," Plaintiffs narrowed the list of former employees with relevant information to five, identifying Robert Long, Gabriel Gamper, Michael Johnson, Madison Ashton, and Daniel Oliver. *See* Bogan Decl. Ex. 46. Three of the five previously had been identified (as "Bobby Long," "Gabe G.," and "M. J.") in Plaintiffs' Initial Disclosures.[2]

Plaintiffs did not supplement either their Initial Disclosures or interrogatory response during the discovery period. Nor did Plaintiffs otherwise disclose that they intended to rely on testimony from other former employees of YellowPages.com in support of Plaintiffs' Motion.

Plaintiffs' Motion was filed almost a year later, on February 14, 2011. In support, Plaintiffs submitted a declaration from one of the five former employees previously identified (Robert Long) and declarations from two previously-unidentified former employees (Gary Gillaspy and Janet Simmons). *See* Janacek Decl. Exs. 21-23. Neither Mr. Gillaspy nor Ms. Simmons previously had been identified as potential witnesses by Plaintiffs.[3]

---

[1] Plaintiffs initial disclosures provided cryptic identifying information, often utilizing initials for the witnesses' names.

[2] YellowPages.com spoke with Gabriel Gamper and Michael Johnson, produced declarations from those former employees before the expiration of fact discovery, and submitted these declarations along with YellowPages.com's Opposition to Plaintiffs' Motion. *See* Def.'s Opp., at 16 & n. 27, 18 & n. 34; Bogan Decl. ¶¶ 77, 106(a), 106(b), and 107 & Exs. 18 and 21.

[3] In an apparent attempt to remedy this late disclosure, Plaintiffs made a supplemental disclosure three days ***after*** the filing of Plaintiffs' Motion, identifying Ms. Simmons and Mr. Gillaspy as additional witnesses. *See* February 17, 2011 Letter (citing the supplementation requirements of Fed. R. Civ. P. 26(e)(1)) (attached hereto as Exhibit A).

Responding to these new declarations, YellowPages.com identified ten additional employees. This disclosure was made nearly two weeks before YellowPages.com submitted its opposition brief, and despite Plaintiffs' failure to request such information in discovery.[4] *See* Mar. 2, 2011 Letter (attached hereto as Exhibit B). At least three of those witnesses – Jay Howard, Cindy McCaulley, and Maureen Spray – were previously known to Plaintiffs' counsel. *Id.* Plaintiffs made no objection to the timing of this disclosure.

When YellowPages.com filed its Opposition on March 14, YellowPages.com relied upon the declarations of these ten individuals, as well as other current and former employees identified during discovery (including Gabriel Gamper and Michael Johnson, who had been identified by Plaintiffs in their interrogatory responses). The testimony of these ten witnesses corroborated the deposition testimony of YellowPages.com's corporate representative (Patrick Quinlan) that a uniform "scripted presentation" was not utilized in sales presentations, as well as additional testimony developed by YellowPages.com that the allegedly "uniform misrepresentations" were not made to the putative class. *See generally* Def.'s Opp.; Bogan Decl. Exs. 13-28. Accordingly, the testimony of the ten witnesses did not introduce anything new, and Plaintiffs did not move to strike their testimony.

Plaintiffs served their reply on April 8, 2011, submitting the declarations of four former employees of YellowPages.com. Of these four, only Robert Long had previously been disclosed by Plaintiffs. Thus, despite initially identifying Robert Long and eight additional former employees in their Initial Disclosures (on January 15, 2010); another two former employees in their interrogatory responses (on March 26, 2010); and two more former employees in their opening motion (February 14, 2011); Plaintiffs took the opportunity in their Reply to identify

---

[4] Plaintiffs' interrogatories did not request that YellowPages.com identify persons from whom it intended to provide declaration testimony.

and use the testimony of three *additional* former employees (Michael Pisa, Noel Saunders, and Jim Rossmiller) for the very first time.

Beyond providing declarations from never-before-disclosed former employees, Plaintiffs' Reply also introduced several new exhibits in an attempt to support Plaintiffs' claims regarding the three allegedly "misleading representations and omissions." Plaintiffs' Reply also attempted to resurrect previously-abandoned arguments in support of (1) an injunctive or declaratory relief class under Rule 23(b)(2), and (2) certification of Plaintiffs' alternative breach of contract claim. This evidence and these arguments should not have been presented for the first time in reply, and thus YellowPages.com's motion to strike or for leave to file a surreply should be granted.

## II. ARGUMENT AND CITATIONS TO AUTHORITY

### A. The Court Should Either Strike the New Evidence or Consider YellowPages.com's Proposed Surreply

"It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time it filed its motion and that is necessary in order for that party to meet its burden." *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010). Given Plaintiffs' failure to timely supplement their initial disclosures or discovery responses, and given the absence of evidence showing "the failure was substantially justified or is harmless," the evidence should be stricken by the Court. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to … identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that … witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also Playboy Enterprises, Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) (refusing to consider new argument raised in reply and characterizing movant's failure to include argument in initial submission as a "manipulative omission").

Alternatively, the Court should consider the proposed surreply and thereby give YellowPages.com the opportunity to respond to arguments and evidence submitted for the first time in Plaintiffs' Reply. *Lee v. Coughlin*, 26 F. Supp. 2d 615, 617 n. 2 (S.D.N.Y. 1998) (allowing surreply in lieu of striking materials submitted for the first time with the reply brief).

### B. The New Testimony, Documents, and Arguments Do Not Respond to Matters First Introduced in YellowPages.com's Opposition

Plaintiffs argue that YellowPages.com's Opposition "asserted new factual materials and testimony to which Plaintiffs' reply properly responded." Plfs.' Opp. to Mot. to Strike, at 5. Plaintiffs make no effort to explain, however, what "new" testimony and arguments were presented in the Opposition. In fact, YellowPages.com's Opposition properly responded to the arguments and evidence presented in Plaintiffs' Motion.

#### 1. The Declarations of Michael Pisa, Noel Saunders, and Jim Rossmiller Do Not Respond to Matters First Placed In Issue by YellowPages.com's Opposition

Plaintiffs' Motion asserted that YellowPages.com's sales representatives used the same "scripted sales pitch" with all members of the putative class. *See* Plfs.' Mot., at 3-7. Plaintiffs further argued that this "scripted sales pitch" is "riffled with misleading representations and omissions," specifically: "(1) it overstates the 'conversion' statistics [the "one in ten" question]; (2) it overstates the class members' expected return on investment [the alleged misuse of the "74% statistic"]; and (3) it misrepresents that the clicks received [for the YPClicks! product] will be local, targeted, and qualified." *Id.*, at 7. In its Opposition, YellowPages.com presented substantial evidence responding to each of these points.

YellowPages.com's Opposition introduced declarations and deposition testimony from witnesses disclosed during the discovery period establishing that a script was not used with any of the three named plaintiffs. *See* Def.'s Opp., at 3-10; *see also* Bogan Decl. ¶¶ 31-49, 102 &

- 5 -

US2008 2601313.5

Exs. 5 (Kowalski Dep. Tr.), 15 (D'Elia Decl.), and 16 (De Vito Decl.). YellowPages.com also submitted declarations it produced before the close of discovery from two former employees identified by *Plaintiffs* in their own interrogatory responses (Mr. Gamper and Mr. Johnson). Both Mr. Gamper and Mr. Johnson testified that they "never used" a script in "actual sales presentations." Def.'s Opp. at 18 & n. 34; Bogan Decl. Exs. 18 and 21.

In further support of YellowPages.com's position, and in response to the two new "former employee" declarations submitted for the first time with Plaintiffs' Motion (from Mr. Gillaspy and Ms. Simmons), YellowPages.com submitted eleven "current employee" declarations, all of whom testified that they never used a "scripted sales presentation" in actual sales presentations.[5]

This additional testimony did not raise any "new" factual issues. Rather, it corroborated (1) the testimony from the sales representatives responsible for the Gidro and Winick accounts (D'Elia and De Vito, respectively); (2) the transcript of the telephonic sale to Mr. Kowalski (transcribed during his deposition); (3) the deposition testimony of Patrick Quinlan, YellowPages.com's corporate designee on the issue of sales training; and (4) the testimony of the former employees previously identified by Plaintiffs (Gamper and Johnson). Because the testimony did not place any new matters at issue, it was not appropriate for Plaintiffs to spring new witnesses upon YellowPages.com in their Reply.[6]

---

[5] *See id.*, at 19 & n. 35 (citing McCaulley Decl. ¶¶ 3-4, Padelford Decl. ¶ 3, Spray Decl. ¶ 4, Quirk Decl. ¶¶ 3-4, McCue Decl. ¶¶ 4-5, Eastburn Decl. ¶¶ 6-7, Kenyon Decl. ¶ 3, Boudreau Decl. ¶ 3, Juhasz Decl. ¶¶ 3-4, Green Decl. ¶¶ 4-7, Howard Decl. ¶ 3).

[6] The cases cited by Plaintiffs, in contrast, involve reply evidence properly directed to genuinely "new" issues raised in an opposition brief. *See, e.g., Litton Inds., Inc. v. Lehman Brothers Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991) (holding reply affidavit was not "new evidence" because it responded to opposition evidence relied upon to create a genuine issue of material fact on an issue not raised in motion), *rev'd on other grounds by* 967 F.2d 742 (2d Cir. 1992); *Ilozor v. Hampton Univ.*, No. 4:06cv90, 2007 WL 1310179 (E.D. Va. May 3, 2007) (considering new declarations rebutting opposing party's contention that certain matters placed in issue were hearsay and thus not properly considered on a motion for summary judgment).

### 2. The New Exhibits Do Not Respond to Matters First Placed In Issue by YellowPages.com's Opposition

Plaintiffs' Reply introduced Exhibits 56, 57, and 59 (and a new spin on their Exhibit 31). Plaintiffs say this documentary evidence is not "new" because YellowPages.com produced these documents in discovery. Plfs.' Opp. to Mot. to Strike, at 6. This argument misses the point. YellowPages.com produced thousands of documents in discovery. YellowPages.com is only required to respond to arguments and evidence submitted in support of a motion. It is not required to (a) anticipate how every document in a massive production set conceivably might by used by an opponent and (b) preemptively address all such potential arguments in its Opposition.

As a matter of basic fairness, a moving party cannot "sandbag" an opponent by introducing new evidence with a reply brief. *See Revise Clothing*, 87 F. Supp. 2d at 387 ("It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time it filed its motion and that is necessary in order for that party to meet its burden."). Thus, either the new evidence should be stricken or YellowPages.com should be allowed to respond. *Id.* (permitting filing of surreply and the introduction of evidence at a hearing to counteract any prejudice resulting from the filing of new evidence in a reply brief).

### 3. The New Arguments Do Not Respond to Matters First Placed In Issue by YellowPages.com's Opposition

Plaintiffs' Motion focused on the certification of their New Jersey CFA claim as a Rule 26(b)(3) damages class. It devoted a single, conclusory sentence to their 26(b)(2) claim for injunctive relief, and it ignored their alternative claim for breach a contract (by, among other things, failing to identify a single contractual promise allegedly breached by YellowPages.com). Accordingly, in its Opposition, YellowPages.com pointed out that Plaintiffs had abandoned these alternative class certification theories. *See* Def.'s Opp., at 23 & n.45, 24.

In their Reply, however, Plaintiffs improperly attempted to revive these abandoned arguments, devoting multiple pages to their 26(b)(2) contention and their alternative breach of contract claim. *See* Plfs.' Reply, at 15-19. This is not a proper function of a reply brief, as recognized in Plaintiffs' own cited authority. *See In re WorldCom, Inc.*, Bkrtcy. No. 02-13533 (AJG), 2007 WL 1989262, at *6 (Bkrtcy. S.D.N.Y. July 9, 2007) (cited in Plfs.' Opp. to Mot. to Strike, at 9) (explaining that moving party cannot use a reply to cure procedural deficiencies noted in the opposition papers); *accord Brown v. Alabama Dept. of Transp.*, 597 F.3d 1160, 1175 n.8 (11th Cir. 2010) (holding party cannot "resurrect" in its reply an issue abandoned in its opening brief). Accordingly, these arguments should not be considered. *See Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667 (S.D.N.Y. 1995) ("Arguments may not be made for the first time in a reply brief."); *Nichols II v. Am. Risk Mgm't Inc.*, No. 89 Civ. 2999 (JSM) (AJP), 2000 WL 97282 (S.D.N.Y. Jan. 28, 2000) (same).

### B. YellowPages.com Properly Attached its Proposed Surreply to its Alternative Motion for Leave to File the Surreply

Finally, Plaintiffs make an extended argument challenging YellowPages.com's filing of its proposed surreply as an exhibit to its motion for leave to file. Plfs.' Opp. to Mot. to Strike, at 9-11. YellowPages.com is unaware of any local rule, standing order, or individual practice of this Court prohibiting such a practice, and Plaintiffs cite none. To the contrary, there are contexts in which attaching a proposed filing is required (such as the common requirement that a proposed amended pleading be attached to a motion for leave to amend under Rule 15).

In support of their argument, Plaintiffs cite *United States v. International Business Machines Corp.* ("*IBM*"), 66 F.R.D. 383 (S.D.N.Y. 1975), a 36-year-old case involving the procedure for filing ***reply*** briefs. The *IBM* case properly held that a ***reply*** brief should be limited to "new material issues" raised in the opposition materials. *See id.* at 384. Here, for all the

- 8 -

US2008 2601313.5

reasons set forth above, Plaintiffs' Reply was not limited to "new material issues" raised in YellowPages.com's Opposition, and thus it should be stricken in accordance with *IBM*.

It is true that some judges of this Court have relied on *IBM*'s reasoning in discussing the correct procedure to follow with respect to the presentation of surreplies. *See, e.g., In re WorldCom, Inc.*, Bkrtcy. No. 02-13533 (AJG), 2007 WL 1989262, at *5 (Bkrtcy. S.D.N.Y. July 9, 2007) (Bankruptcy Judge Gonzales); *Locals 302 and 612 of the Int'l. Union of Operating Engineers-Employers Constr. Indus. Retirement Trust v. Blanchard*, No. 04 Civ. 5954(LAP), 2005 WL 2063852, at *5 n.8 (S.D.N.Y. Aug. 25, 2005) (Judge Preska). As with *IBM*, however, these decisions support **YellowPages.com's** position here. *See, e.g., WorldCom*, 2007 WL 1989262, at *5 (favorably citing *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001), for the proposition that leave to file a surreply should be granted when "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply").

With respect to Plaintiffs' procedural objection to attaching the proposed surreply as an exhibit, even those courts that consider such a practice improper have considered surreplies where, as here, such filings are substantively warranted. *See, e.g., Correspondent Servs. Corp. v. JVW Investment, Ltd.*, No. 99 Civ. 8934 RWS, 2004 WL 2181087 (S.D.N.Y. Sept. 29, 2004) (notwithstanding "flaw" of attaching surreply papers to motion for leave, granting motion "so as to permit comprehensive adjudication of the issues raised"); *In re Public Offering Fee Antitrust Litig.*, No. 98 Civ. 7890 (LMM), 2006 WL 1026653 (S.D.N.Y. Apr. 18, 2006) (considering both surreply and response to proposed surreply, in context of ruling on motion for class certification). YellowPages.com respectfully submits that, if the Court agrees that Plaintiffs improperly have submitted new evidence and raised new arguments in their Reply, it should consider

YellowPages.com's proposed surreply without requiring the formality of a "re-submission" of the surreply (assuming the Court does not strike Plaintiffs' new evidence and arguments outright).

## III. CONCLUSION

YellowPages.com respectfully requests that this Court either strike Plaintiffs' new evidence and arguments, or consider YellowPages.com proposed "Surreply in Opposition to Plaintiffs' Motion for Class Certification" and supporting declarations.

Respectfully submitted this 26th day of May, 2011.

                                      KILPATRICK TOWNSEND & STOCKTON LLP

                                      /s/ James F. Bogan, III
                                    JAMES F. BOGAN III (admitted *pro hac vice*)
                                    C. ALLEN GARRETT JR. (admitted *pro hac vice*)
                                    RONALD L. RAIDER (admitted *pro hac vice*)
                                    JOHN R. GIBSON (admitted *pro hac vice*)
                                    DANIEL G. SCHULOF (admitted *pro hac vice*)
                                    1100 Peachtree Street, Suite 2800
                                    Atlanta, Georgia 30309-4528
                                    Telephone:  (404) 815-6500
                                    Facsimile:  (404) 815-6555

                                    IAN M. GOLDRICH (NY State Bar No. 501475)
                                    31 West 52nd Street, 14th Floor
                                    New York, New York 10019
                                    Telephone:  (212) 775-8700
                                    Facsimile:  (212) 775-8800

# CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2011, pursuant to the Hon. Paul G. Gardephe's "bundling rule," the foregoing was served by electronic mail to all counsel listed below. Additionally, pursuant thereto, a copy of this pleading as filed will be served this 2nd day of June, 2011, upon the following counsel of record via the Court's CM/ECF System, or by alternative means if so designated, addressed as follows: :

| | |
|---|---|
| **VIA REGULAR MAIL**<br>Paul I. Perkins<br>**LYNCH LAW FIRM, P.C.**<br>45 Eisenhower Drive<br>Paramus, NJ 07652<br>Telephone: 201-543-0300<br>Facsimile: 201-455-6359<br>paulperkins@lynchlawyers.com | Peter S. Pearlman<br>**COHN LIFLAND PEARLMAN**<br>**HERRMANN & KNOPF LLP**<br>Park 80 Plaza West – One<br>Saddle Brook, NJ 07663<br>Telephone: 201-845-9600<br>Facsimile: 201-845-9423<br>psp@njlawfirm.com |
| Peter George Safirstein<br>**MILBERG LLP (NYC)**<br>One Pennsylvania Plaza<br>New York, NY 10119<br>Telephone: (212)-271-8205<br>Fax: (212)-868-1229<br>psafirstein@milberg.com | Christopher Polaszek<br>**MILBERG LLP**<br>Corporate Center One<br>2202 N. Westshore Blvd., Suite 200<br>Tampa, FL 33607<br>Telephone: 813-639-4248<br>Facsimile: 561-892-8164<br>cpolaszek@milberg.com |
| Ronald W. Riggs IV<br>**MILBERG LLP (NYC)**<br>One Pennsylvania Plaza<br>New York, NY 10119<br>Telephone: (212)-946-9496<br>Fax: (212)-273-4311<br>rriggs@milberg.com | Frank J. Janecek, Jr.<br>**ROBBINS GELLER RUDMAN & DOWD LLP**<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619-231-1058<br>Facsimile: 619-231-7423<br>frankj@rgrdlaw.com |

| | |
|---|---|
| Christopher Collins<br>**ROBBINS GELLER RUDMAN & DOWD LLP**<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone: 619-231-1058<br>Facsimile:  619-231-7423<br>chrisc@rgrdlaw.com | <u>**VIA REGULAR MAIL**</u><br>Jason J. Thompson<br>**SOMMERS SCHWARTZ**<br>2000 Town Center, Suite 900<br>Southfield, Michigan  48075<br>Telephone: 248-746-4096<br>Facsimile:  248-541-3133<br>jthompson@sommerspc.com |
| Jesse Young<br>**SOMMERS SCHWARTZ**<br>2000 Town Center, Suite 900<br>Southfield, Michigan  48075<br>Telephone: 248-746-4096<br>Facsimile:  248-541-3133<br>jyoung@sommerspc.com | |

This 2nd day of June, 2011.

   /s/ James F. Bogan, III_____
James F. Bogan, III
*Counsel for Defendant YellowPages.com, LLC*